**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Spencer Leonard McHoney, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 4:06-3016-PMD-TER |
| v. ) | |
| ) | |
| State of South Carolina; S.C. Department ) | **ORDER** |
| of Corrections; and Warden Stan Burtt, ) | |
| Lieber Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner Leonard McHoney ("Petitioner" or "McHoney"), a state prisoner proceeding without the assistance of counsel, seeks habeas corpus relief under Title 28, United States Code Section 2254. This matter has been reviewed by United States Magistrate Judge Thomas E. Rogers, III, and is currently before the court upon the Magistrate Judge's recommendation that (1) Respondents' motion for summary judgment be denied and Respondents be allowed to re-file their motion for summary judgment addressing the merits of Petitioner's habeas allegations, and (2) that Petitioner's motion to stay his habeas petition be denied. The record includes the Report and Recommendation of the Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B).

A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendation contained in the R&R. 28 U.S.C. § 636 (b)(1). Respondents have filed timely objections to the R&R, which the court now considers.

1

## HISTORY OF THE CASE

Petitioner was indicted in January of 1996 for the murder of Violet White. *State v. McHoney*, Cr. No.:96-GS-08-011.  (PCR App. 2361-62.)  On May 4, 1997, a jury found Petitioner guilty as charged.  Following a sentencing hearing, Judge Whetstone sentenced Petitioner to life imprisonment on May 7, 1997.  (PCR App. 2015, 2366.)

Petitioner filed a timely Notice of Appeal with the South Carolina Supreme Court. Following briefing by both sides and an oral argument, the South Carolina Supreme Court affirmed the conviction and sentence by opinion dated March 19, 2001.  *State v. McHoney,* 344 S.C. 85, 544 S.E.2d 30 (2001).  (PCR App. 2155, 2175, 2197.)

*First PCR Application*

On October 11, 2001, Petitioner filed his first Application for Post-Conviction Relief ("APCR").  Following an evidentiary hearing on August 14, 2002, the Honorable Daniel F. Pieper issued an Order on December 7, 2002 rejecting Petitioner's claims and dismissing the first APCR. (PCR App. 2224, 2309.)

*Second PCR Application*

Five hundred and fifty two (552) days later, on June 14, 2004, Petitioner filed a second Application for Post-Conviction Relief asking that he be allowed to file a belated appeal of his first APCR.  (PCR App. 2330.)  Petitioner argued that his counsel failed to timely file a Notice of Appeal from Judge Pieper's denial of the first APCR as a result of a misunderstanding between Petitioner's counsel and the clerk of court.  Therefore, Petitioner argues he is entitled to relief pursuant to *Austin*

2

*v. State*, 409 S.E.2d 395 (S.C. 1991).[1]  On July 16, 2004, Judge Pieper signed a consent Order granting a belated *Austin* appeal. (PCR App. 2358.) Thereafter, Petitioner filed a timely Notice of Appeal. On January 7, 2005, Petitioner filed and served a Petition for Writ of Certiorari and *Austin* Petition for Writ of Certiorari. (R&R at 5.)

On May 24, 2006, the South Carolina Supreme Court issued an Order in which it granted the petition for writ of certiorari as to the second PCR Order, dispensed with further briefing, and denied the petition for writ of certiorari as to the first PCR Order. The Remittitur was sent down June 9, 2006. (R&R at 6.)

*Petitioner's Federal Habeas Corpus Petition*

Petitioner filed his federal habeas petition with this court on October 23, 2006,[2] one hundred and fifty-two (152) days after the disposition of his second APCR. On February 1, 2007, Respondents filed a return and memorandum of law in support of their motion for summary judgment to which Petitioner responded. Respondents assert Petitioner's petition must be dismissed because it was filed outside of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Under the AEDPA's statute of limitations, an application for a writ of *habeas corpus* must be filed by a person in custody pursuant to the judgment of a state court within *one year* from the latest of:

---

[1] In *Austin*, the South Carolina Supreme Court allowed a petitioner to file a late appeal of the denial of his APCR, where the failure to timely file the appeal was the result of the action or inaction of his attorney. *Austin*, 409 S.E.2d at 396.

[2] The petition was filed on October 25, 2006; however, the *Houston v. Lack* delivery date of the petition is October 23, 2006, based on the Lieber mailroom stamped received date. 487 U.S. 266 (1988).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA, 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is ***pending*** shall not be counted toward any period of limitation under this subsection." AEDPA, 28 U.S.C. § 2244(d)(2) (emphasis added).

After considering the record, the relevant law, Respondents' Motion, and Petitioner's Response, the Magistrate Judge concluded that the *habeas corpus* petition was timely. (R&R at 13.) Direct review of Petitioner's state-court conviction was concluded ninety (90) days after the South Carolina Supreme Court affirmed Petitioner's conviction on March 19, 2001, when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired.[3] *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at expiration of time for seeking certiorari from United States Supreme Court). Accordingly, Petitioner's conviction became final and the AEDPA's one year limitations period began to run on June 18, 2001. As such, the Magistrate Judge found that one hundred and fifteen (115) days of non-tolled time passed

---

[3] A petition for a writ of certiorari to review a judgment in a criminal case entered by a state court of last resort is timely "when it is filed with the Clerk of [the United States Supreme] Court within 90 days after entry of the judgment." U.S.Sup.Ct. Rule 13(1).

4

between the conclusion of direct review and the filing of the first APCR on October 11, 2001. (R&R at 11.) The Magistrate Judge next concluded that the time between the denial of Petitioner's first APCR and the filing of the second APCR should be tolled. (R&R at 12.) The Magistrate Judge reasoned that "based on the fact Petitioner was allowed a belated appeal on his first PCR application and allowed to file an *Austin* appeal with the South Carolina Supreme Court, the time period between the decision of the first PCR and the filing of the second PCR application was tolled." (Id.) As such, "there was a total of one hundred and fifty-two (152) days of non-tolled time between the decision of the South Carolina Supreme Court [denying Petitioner's second PCR] and the filing of this habeas petition for a total of two hundred and sixty-seven days of non-tolled time (115 + 152=267)." (Id.) According to the Magistrate Judge's calculation, less than 365 days of untolled time had passed between the date on which Petitioner's conviction became final and the filing of the petition in federal court. (Id.) Therefore, the Magistrate Judge found the petition timely and recommended that the Respondents' motion for summary judgment be denied. (R&R at 15.) The Magistrate Judge further recommended that Respondents be allowed to re-file their motion for summary judgment addressing the merits of Petitioner's habeas allegations. (Id.)

Respondents object to the Magistrate Judge's finding that Petitioner's habeas corpus petition was timely. They argue that the state court's granting of a belated appeal of Petitioner's APCR does not "wipe the slate clean" in the interim between the first APCR and the granting of belated review requested in the second APCR. (Objections at 5.) Because the time between the first and second APCR should not be tolled, Respondents contend Petitioner's § 2254 motion was clearly filed outside the AEDPA's one-year limitations period. Respondents claim that both the plain meaning of the AEDPA and relevant case law supports this conclusion. (Objections at 6.)

The court reviews *de novo* the Magistrate Judge's finding that the petition was timely filed. Unless the grant of Petitioner's *Austin* appeal retroactively tolled the limitations period during the five-hundred and fifty-two days between the dismissal of the first APCR and the filing of the second APCR, Petitioner's motion under § 2254 is untimely. Accordingly, the only issue to be determined is whether the initial APCR was "pending," as meant by the AEDPA, during the time between the state court's initial denial of the APCR and the state court's allowance of a belated appeal of that APCR.

In *Carey v. Saffold*, the Supreme Court defined "pending" as meant by § 2244(d)(2):

> [A]n application is pending as long as the ordinary state collateral review process is "in continuance" i.e. "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

536 U.S. 214, 219-20, 122 S.Ct. 2134, 2138 (2002) (quoting WEBSTER'S THIRD NEW INT'L DICTIONARY 1669 (1993)). Under this formulation, a claim is "pending" for the entire term of state court review, including those intervals between one court's judgment and the filing of an appeal with a higher court. *Saffold*, 536 U.S. at 219-21, 122 S. Ct. at 2138-39. The Supreme Court recently clarified that "[t]he time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis,* 546 U.S. 189, 126 S.Ct. 846, 849, 163 L.Ed.2d 684 (2006) (emphasis in original) (finding that time between denial of APCR and filing of appeal was not tolled where appeal was untimely, even where state considered untimely appeal "on its merits").

Recently, in *Lawrence v. Florida*, -- U.S. --, 127 S.Ct. 1079 (Feb. 20, 2007), the Supreme Court further narrowed the interpretation of "pending" under the AEDPA 28 U.S.C. § 2244(d)(2).

6

In *Lawrence*, the Court considered whether a case is "pending" under § 2244 during the time petitions for certiorari are before the Supreme Court and found that the filing of such petitions does not toll the statute of limitations. *Id.* This case illustrates the Court's unwillingness to broaden the definition of "pending" and describes the policy behind the tolling provision of Section 2244(d)(1):

> The tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period . . . Section 2244(d)(1)'s limitation period and § 2254(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourage litigants first to exhaust all state remedies and *then* to file their federal habeas petitions *as soon as possible*.

*Lawrence*, 127 S.Ct. at 1083 (emphasis in original) (quoting *Duncan v. Walker*, 533 U.S. 167, 179, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)).

In a much-cited case factually similar to the one at bar, the Eleventh Circuit addressed whether a state court's granting of a belated appeal from the denial of post-conviction relief tolled the idle period between the expiration of time to appeal and the grant of the late appeal. *Moore v. Crosby*, 321 F.3d 1377 (11th Cir. 2003). The Eleventh Circuit reasoned that "the pivotal issue in this appeal is how long the petitioner's state application was 'pending' within the meaning of the [AEDPA]." *Id.* at 1379 (citing 28 U.S.C. § 2244(d)(2)). The Court cited *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001), in which the Fifth Circuit considered "whether the Petitioner's federal petition was timely [and] found that, at the point when the state limitations period expired, the Petitioner was not entitled to further appellate review and, therefore, he had no application 'pending' in state court." *Moore,* 321 F.3d at 1380. Adopting the Fifth Circuit's reasoning, the Eleventh Circuit found that while "state court's subsequent decision to permit review may toll the time relating to the application, it does not change the fact that the application was not pending prior to the filing of the application." *Id.* The *Moore* Court concluded that the AEDPA's § 2244(d)(2)

7

statutory tolling provision does not encompass the period of time in which a state prisoner does not have a "properly filed" post-conviction application actually pending in state court. *Id.* Furthermore, the Court explained that "a state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition." *Id.* In other words, once the state-mandated time in which to appeal the denial of the APCR has run, the APCR is no longer "pending," even if the state court later allows the untimely appeal. The Eleventh Circuit found that this interpretation was consistent with Congress's intent to encourage exhaustion of state remedies without permitting Petitioner to indefinitely toll the limitations period. It explained that "a difference exists between giving a Petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and 'retroactively tolling periods in which the Petitioner is not attempting to exhaust state remedies.'" *Moore*, 321 F.3d at 1381 (quoting *Melancon*. 259 F.3d at 407).

The court finds the Eleventh Circuit's reasoning persuasive. In the case *sub judice,* Petitioner failed to timely appeal the denial of his first APCR.[4] Despite his failure to timely file a notice of appeal, the state court allowed Petitioner to appeal the first APCR "on the merits" under *Austin.* However, the fact that the state court allowed a belated appeal does not make the notice of appeal "timely." After the time in which to appeal lapsed, Petitioner's application for further appellate review ceased to be "pending" for purposes of calculating the tolling of the federal limitations period. *See Moore*, 321 F.3d at 1381; *Melancon*, 259 F.3d at 407. As such, adopting the

---

[4] South Carolina Rules of Appellate Practice require that notice of appeal from a final decision entered under the Post-Conviction Relief Act "shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment." *See* Rule 227, S.C. App. Ct. Rules.

logic of *Moore*, no collateral action was "pending" during the 552 day interim between the denial of Petitioner's first application for PCR and the filing of Petitioner's second PCR application. Accordingly, the AEDPA's limitations period was not tolled during this time, and Petitioner's habeas petition was not timely filed. This holding is consistent with both the clear meaning and the underlying policy of the AEDPA § 2244(d)(2).

The court further notes that to the extent Petitioner can be understood as requesting equitable tolling of the limitations period, Petitioner's circumstances do not merit this relief. The AEDPA's limitations period is subject to the doctrine of equitable tolling under certain extraordinary circumstances, *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir. 2001); however, equitable tolling "must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris,* 209 F.3d at 330.

In *Harris,* the Fourth Circuit addressed whether a mistake by counsel regarding the calculation of the limitations period constituted an extraordinary circumstance beyond a petitioner's control that prevented him from complying with the statutory time limit. *Id.* In that case, the petitioner argued that equitable considerations justified tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. *Id.* The Court found that,

> [w]hile we agree that the mistake by [petitioner's] counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to [petitioner] that would justify equitable tolling. . . . Moreover, the mistake in this case is not extenuated by any lack of clarity in the statute. The language of § 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the

9

"conclusion of State post-conviction proceedings."

*Id.* at 330-31 (citations omitted).

In the case at bar, as in *Harris*, Petitioner claims his counsel mistakenly failed to timely file the Notice of Appeal from Judge Pieper's Order. Based on the fact that Petitioner was allowed a belated *Austin* appeal of his first APCR with the South Carolina Supreme Court, Petitioner contends that the time period between the decision of the first APCR and the filing of the second APCR should be equitably tolled. However, applying the law as described in *Harris*, the court finds that counsel's mistake in failing to timely appeal the first APCR does not present an extraordinary circumstance beyond Petitioner's control. *Harris,* 209 F.3d at 331. Likewise, it is well established that a *pro se* prisoner's ignorance of the law is not a basis to invoke equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Accordingly, Petitioner has not alleged facts indicating that he is entitled to equitable tolling.

## CONCLUSION

For the reasons as stated herein, the court finds that Leonard McHoney's Petition for habeas corpus relief under Title 28, United States Code Section 2254 is untimely under the limitations period of the Antiterrorism and Effective Death Penalty Act. Accordingly, denying the Magistrate Judge's recommendation, the court **GRANTS** Respondents' Motion for Summary Judgment. Because the court grants summary judgment and dismisses this matter, the court **FINDS AS MOOT** Petitioner's Motion to Stay his habeas petition.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 14, 2007.**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.

11